# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **BARBARA KOENAN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | **CIVIL ACTION NO.** _____ |
| **CORELOGIC, INC.** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S FIRST ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Barbara Koenan, (hereinafter referred to as "Plaintiff" or "Koenan") files this Complaint against Defendant, CoreLogic, Inc. (hereinafter referred to as "Defendant" or "CoreLogic"), alleging willful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"). For causes of action, Plaintiff would show the Court as follows:

### I. PARTIES

1. Plaintiff, BARBARA KOENAN, is a Texas resident who was employed by the Defendant and performed her job duties in the Northern District of Texas, Dallas Division.

2. Defendant CORELOGIC is a corporation doing business in the Northern District of Texas, Dallas Division.

3. Plaintiff has completed all conditions precedent to filing this suit. Within 300 days of the acts of which she complains, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") in which she alleged disability discrimination, failure to accommodate and retaliation. Plaintiff received a Notice of Right to Sue letter from the EEOC and files this suit within 90 days of receiving said Notice of Right to Sue.

### III. VENUE

6. Venue is proper in the Northern District of Texas, under 28 U.S.C. §1391, because Plaintiff's claims arose within the Northern District of Texas and because Defendant does business within said District.

### IV. FACTS

7. Plaintiff began to work for CoreLogic in approximately 2009. At the time of her termination, she was in fact looking forward to her 10th year anniversary at CoreLogic. For most of her employment at ColeLogic, she received praise for her work ethic and performance. She even received one of the company's most prestigious awards, the Kennedy Excellence Award. Her job title was Accounting Assistant and her duties prior to her termination included performing a variety of administrative tasks.

8. In September of 2018, she had an emergency health event, which necessitated taking medical leave (severe anxiety and depression). Plaintiff has severe anxiety, which was made worse by workplace bullying.

9. The workplace harassment was something that she complained about on more than one occasion. Ms. Koenan was often singled out and given more work than she could handle, while other employee were allowed to watch movies or otherwise not complete work. Another example is Ms. Koenan had team members who told her she was not to speak unless spoken to first.

10. Based on her doctor's recommendation, she took a leave of absence from approximately September 21, 2018 until about October 5, 2018. As soon as she got back, Ms. Koenan was given duties that had been in the past handled by 2 people. She requested help and did the best

she could to complete the tasks she was given, but it was clear that CoreLogic was setting her up to fail.

11. Because of her disability, Ms. Koenan requested additional accommodations upon her return to work.

12. On October 9, 2018, only a few days after her return to work, she was called into Human Resources where Jeannette Bullocks told her to go home and that she was being placed on a leave of absence without further explaination. After going home, Ms. Koenan contacted Jeannette to find out about when she could return to work and was told that she could not come back because she had quit and had given her notice verbally to her manager, Cheryl Kowalski. This was false, and Ms. Koenan spent the next two weeks trying to return to work but was never allowed to return.

## V.
## CAUSES OF ACTION

13. Plaintiff suffers from a disability to wit; severe depression and anxiety.

14. Defendant violated the ADAAA by refusing to reasonably accommodate Plaintiff's disabilities and by discharging Plaintiff secondary to her disability. Specifically, Defendant refused to assign Plaintiff to a schedule which would accommodate her disability.

15. Defendant retaliated against Plaintiff because of her disability and because she took leave for her medical condition and the stress she suffered as a result of having these conditions and taking leave.

16. Defendant violated by the ADAAA by refusing to return Plaintiff to work following her leave of absence/terminating upon her return and during the time the parties were discussing accomadations.

17. Plaintiff was at all relevant times qualified to perform the essential functions of her job. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and/or was regarded by the Defendant as a person with a disability.

18. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability. She was further terminated in retaliation for her reporting that she was being discriminated against because of her disability and because she sought accommodation for her disability.

19. Defendant wholly failed to enter into the interactive process with Plaintiff, and instead terminated her employment.

## VI. DAMAGES

20. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result, including but not limited to, past and future pecuniary losses.

## VII. COMPENSATORY DAMAGES

21. Defendant intentionally engaged in an unlawful employment practice by refusing to accommodate and terminating plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII. PUNITIVE DAMAGES

22. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## IX. ATTORNEYS' FEES AND EXPERT FEES

23. Plaintiff seeks reasonable attorneys fees for her counsel as well as costs of court and expert witness fees.

## X. JURY DEMAND

24. Plaintiff demands a jury on all claims so triable.

25. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that:

    1. The Court assume jurisdiction of this cause;

    2. The Court award Plaintiff damages as specified above;

    3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

    4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

    5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

      6.      Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Dated August 24, 2021

              Respectfully submitted,

              */s/ Edith K. Thomas*
              Edith K. Thomas, Bar No. 24060717
              edith@ediththomaslaw.com
              LAW OFFICES OF EDITH K. THOMAS, PLLC
              777 Main Street
              Suite 600
              Fort Worth, Texas 76102
              Telephone: (888) 760-0149
              Facsimile: (972) 692-79

_____
**PLAINTIFF'S FIRST ORIGINAL COMPLAINT - Page 3**